IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY McELRATH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01036-STA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION FOR COUNSEL,
DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*,
DENYING MOTION FOR STAY,
DENYING IN PART AND TAKING UNDER ADVISEMENT IN PART
MOTION FOR DOCUMENTS,
AND
DIRECTING RESPONDENT TO RESPOND, IN PART, TO MOTION FOR DOCUMENTS
AND TO FILE A RESPONSE TO THE § 2255 PETITION

Petitioner Bobby McElrath has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (ECF No. 1.)[1] The Petition is before the Court for preliminary review. *See Rules Governing Section 2255 Proceedings for the United States District Courts* ("Habeas Rules"), Rule 4(b). Also before the Court are Petitioner's motion for counsel (ECF No. 4), motion for leave to proceed *in forma pauperis* (ECF No. 2), motion for stay (ECF No. 5), and motion for documents (ECF No. 7). For the following reasons, the motion for counsel, motion for stay, and motion to proceed *in forma pauperis* are **DENIED**, the motion for documents is **DENIED IN PART** and **TAKEN UNDER ADVISEMENT IN**

---

[1] Record citations are to documents filed in the present case, unless otherwise noted.

**PART**, and Respondent United States of America is **ORDERED** to respond to the motion for documents, in part, and to file a response to the Petition.

## BACKGROUND

In February 2006, a federal grand jury for the Western District of Tennessee charged McElrath[2] with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and one count of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  (*United States v. McElrath*, No. 2:06-cr-20079-SHM-1, ECF No. 2 (W.D. Tenn.).)

On August 22, 2007, District Judge Samuel H. Mays, Jr., conducted a competency hearing and ruled that the Defendant was not competent at that time "to understand the nature & consequences [of the proceedings against him] & to assist counsel in his defense[.]"  (*Id.*, ECF No. 43.)  McElrath "was committed to the custody of the U. S. Attorney General for treatment[.]"  (*Id.*, ECF No. 44.)  On September 18, 2012, Judge Mays granted the Government's unopposed motion to dismiss the indictment.  (*Id.*, ECF No. 57.)

In January 2017, a federal grand jury for the Western District of Tennessee returned an eight-count indictment against McElrath and numerous other individuals.  (*United States v. McElrath*, No. 1:17-cr-10004-STA-14 (W.D. Tenn.), ECF No. 2.)  McElrath was charged in Count 1 with conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 18 U.S.C. §§ 841(a)(1) and 846, and in Count 2 with aiding and abetting distribution, attempt to distribute, possession with intent to distribute, and attempt to possess with intent to distribute cocaine, cocaine base, and marijuana, also in violation of §§ 841(a)(1) and 846.  (*Id.*, ECF No. 2 at 1-3.)  Represented by counsel, the Defendant appeared

---

[2] The Court will refer to McElrath as "the Defendant" in its discussion of his criminal cases.

before the undersigned for a hearing on September 1, 2017, where he was found competent to stand trial. (*Id.*, Sept. 1, 2017, "Court only" notation).)

The Defendant subsequently pleaded guilty to Count 2 of the indictment. (*Id.*, ECF No. 530.) He was sentenced to 110 months' incarceration and three years of supervised release. (*Id.*, ECF No. 586.) An unsuccessful direct appeal was taken. (*Id.*, ECF No. 601.)

## DISCUSSION

On February 10, 2020, McElrath filed his Petition, challenging the conviction and sentence in his 2017 case. The Petition presents four grounds for relief, including that counsel was ineffective in failing to adequately support the allegation of incompetency. As noted above, he also filed a motion for appointment of counsel, motion for leave to proceed *in forma pauperis*, motion for stay, and motion for documents. Respondent United States of America has not responded to the motions and has not yet been ordered to respond to the Petition.

In his motion for appointment of counsel, McElrath asserts that he is indigent and needs an attorney to assist him in this case because he "has no legal training" and has therefore had to "rel[y] on other inmates to help him formulate a Motion for Writ as well as this Motion." (ECF No. 4 at 1.) He also maintains that he "is [constitutionally] entitled to representation" in this case. (*Id.* at 2.) The Court assumes that he has submitted his motion for leave to proceed *in forma pauperis* in order to support the allegation in his motion for counsel that he is indigent.[3]

A petitioner in a § 2255 proceeding has no Sixth Amendment right to counsel. *Zack v. United States*, 9 F. App'x 394, 400 (6th Cir. 2001) (citing *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987)). Nevertheless, appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted[.]" Habeas Rule 8(c). Counsel must also be appointed

---

[3] The Court construes the motion for leave to proceed *in forma pauperis* as also supporting the motion for documents, which alleges that Petitioner is indigent.

"where the interests of justice or due process so require," but the decision is left to the sound discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). Factors to be considered by the court in determining whether appointment is in the interests of justice or due process include the legal and factual complexity of the case and the petitioner's "ability to investigate and present his claims." *Thomas v. Morgan*, No. 2:04-cv- 02231-JDB-dbv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

Assuming that Petitioner is unable to afford an attorney, appointment of counsel is not warranted, at least at this early stage of the case. The inmate's lack of legal training is common to most prisoners and was overcome with the assistance of a prison legal aide, who helped him prepare cogent grounds for relief. In addition, Respondent has not yet filed its response to the Petition and nothing on the face of the Petition suggests that an evidentiary hearing will be needed. Accordingly, the motion for appointment of counsel is **DENIED.**

In his motion for documents, Petitioner requests "[t]hat copies of the psychological evaluation[] and transcripts of the Competency Hearing" in his 2006 case be provided to him "at public expense."[4] (ECF No. 7 at 1.) In his motion for stay, he asks that proceedings in this case be held in abeyance until he has obtained those documents. (ECF No. 5 at 2.) He asserts that he needs the evaluation and transcript to prove that counsel in his 2017 criminal case was ineffective in failing to garner evidence of his alleged incompetence.[5]

---

[4] Petitioner originally filed the motion for documents in his 2006 criminal case. (*See* No. 2:06-cr-20079-SHM-1, ECF No. 65.) On August 24, 2020, District Judge Samuel H. Mays, Jr., denied the motion without prejudice and ordered the Clerk of Court to refile the motion in the present case. (*Id.*, ECF No. 66.)

[5] A review of the docket in Petitioner's 2006 case shows that the competency hearing was not transcribed and that there was only one competency report, which was produced by the

Section 2255 "petitioners do not have an automatic right to discovery." *Collazo v. United States*, No. 3:17-CV-01016, 2020 WL 3447774, at *2 (M.D. Tenn. June 24, 2020) (citing *Johnson v. Mitchell*, 585 F.3d 923, 924 (6th Cir. 2009)). Discovery in § 2255 cases is controlled by Habeas Rule 6(a), which states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." Habeas Rule 6(b) provides, in part, that "[a] party requesting discovery must provide reasons for the request."

There is also no absolute right in a § 2255 case to have transcripts prepared free of charge. *United States v. MacCollum,* 426 U.S. 317, 323-25 (1976) (applying 28 U.S.C. § 753(f) in § 2255 proceeding). For a petitioner to secure a copy of a transcript at the Government's expense, he must demonstrate that he is entitled to proceed *in forma pauperis,* and the court must determine that the § 2255 petition is "not frivolous" and "the transcript is needed to decide the issue presented by the suit[.]" 28 U.S.C. § 753(f).

Even if a petitioner has shown good cause for discovery or has met the requirements for preparation of transcripts at the Government's expense, the court may place restrictions on his possession of sealed documents. *See e.g.*, *United States v. Herman*, No. CR 5:15-65-KKC, 2020 WL 114194, at *3 (E.D. Ky. Jan. 8, 2020), *appeal dismissed*, No. 20-5138, 2020 WL 2188879 (6th Cir. Mar. 2, 2020) ("The Defendant may review the sealed documents with his case manager, but he is not permitted to keep the documents or otherwise make copies."). For example, the court may allow the prisoner to view the records at his place of incarceration, with the directive that the documents are to "be maintained by and used under the supervision of

---

Government's expert but not filed under a separate docket entry. (*See* No. 06-cr-20079-SHM-1, ECF No. 43.)

[Federal] Bureau of Prisons personnel." *Williams v. United States*, No. 4:12-CR-00969-RBH-1, 2016 WL 3688783, at *3 (D.S.C. July 12, 2016).

The Court finds that McElrath's claim that his attorney in his 2017 case was ineffective at the competency hearing is not frivolous. Whether the 2007 transcript is "needed to decide" the non-frivolous claim is a moot question because the tape from which the transcription would be prepared is no longer available. Therefore, Petitioner's request for the transcript is necessarily denied.

To the extent Petitioner seeks copies of the 2007 report, he is asking the Court to authorize discovery. The minute entry for the 2007 competency hearing shows that the report was prepared by the Government's expert and used at the 2007 competency hearing, but it was not filed and presumably is still retained in the Government's files. (*See* No. 2:06-cr-20079-SHM-1, ECF No. 43.) Respondent, however, has not indicated whether it opposes Petitioner's request for production of that document. The Court will require it to do so.

Accordingly, the motion for documents is **DENIED** in part and **TAKEN UNDER ADVISEMENT IN PART**, and the motion for leave to proceed *in forma pauperis* is **DENIED** as moot. The motion for stay is **DENIED** as unnecessary in light of the directives contained in this order.

Respondent is **DIRECTED** to file, within twenty-eight days of entry of this order, a response to the motion for documents to the extent the motion requests a copy of the 2007 competency report. The Government is **FURTHER ORDERED** to file a response to the Petition, also within twenty-eight days of entry of this order. *See* Habeas Rule 5(a).

The Court will set a time for Petitioner's submission of a reply in support of the Petition at the time it rules on his request for a copy of the 2007 competency report.

**IT IS SO ORDERED**.

                                       **s/ S. Thomas Anderson**
                                       S. THOMAS ANDERSON
                                       CHIEF UNITED STATES DISTRICT JUDGE

                                       Date: August 28, 2020